UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIVIL NO._____ |
| | ) | |
| KENSINGTON SERVICE GROUP, INC., an Illinois corporation. | ) ) | **COMPLAINT FOR INJUNCTION AND OTHER EQUITABLE RELIEF** |
| Defendant. | ) ) ) | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

1. NOW COMES the plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by LISA MADIGAN, Attorney General of the State of Illinois, and brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*., ("TCPA"), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §6101, *et seq*., ("Telemarketing Act"), complaining of Defendant Kensington Service Group, Inc., an Illinois corporation ("KENSINGTON"). Plaintiff seeks a permanent injunction and other equitable relief, based upon the defendant's violations of the TCPA and of the Telemarketing Act in connection with placing telemarketing solicitations to consumers whose telephone numbers have been registered with the National Do Not Call Registry.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1337(a), 47 U.S.C. §227(f)(2), and 15 U.S.C. §6103(a), and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

3. Venue in this matter is proper in this judicial district pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 47 U.S.C. §227(f)(4) and 15 U.S.C. §6103(e), in that defendant has transacted business in this district.

4. The plaintiff notified the Federal Communications Commission of this civil action in writing on November 24, 2014.

5. The plaintiff notified the Federal Trade Commission of this civil action in writing on November 24, 2014.

**PARTIES**

6. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 47 U.S.C. §227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.

7. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 15 U.S.C. §6103 to file actions in federal district court to enjoin violations of and enforce compliance with the Telemarketing Act on behalf of residents of the State of Illinois, and to obtain damages, restitution, or other compensation on behalf of residents of Illinois, or to obtain such further and other relief as the court may deem appropriate.

8. KENSINGTON is a corporation organized under the laws of the State of Illinois.

9. KENSINGTON's principal place of business is at 913 West Belden, Chicago, IL 60614.

10. For purposes of this Complaint, any references to the acts and practices of KENSINGTON

shall mean that such acts and practices are by and through the acts of said entity's owners, officers, directors, employees, partners, or other agents.

## DEFENDANT'S BUSINESS PRACTICES

11. KENSINGTON is, and at all times relevant to this Complaint, has been doing business and transacting business as a telemarketer as defined by the TCPA and Telemarketing Act.

12. KENSINGTON directs telemarketing solicitations to, or causes them to be directed to, Illinois consumers.

13. On at least 51 occasions since 2012, Illinois consumers have complained of receiving unsolicited telemarketing calls from KENSINGTON despite being registered on the Do Not Call registry

## APPLICABLE STATUTES

## FEDERAL

### TELEPHONE CONSUMER PROTECTION ACT AND RULES PROMULGATED PURSUANT TO SAME

14. The TCPA, enacted in 1991, amended the Communications Act of 1934 by adding 47 U.S.C. §227, which requires the Federal Communications Commission to

> ...initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. ... The regulations required by (the TCPA) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and parts thereof available for purchase. If the Commission determines to require such a database, such regulations shall– ... (F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database ...
>
> 47 U.S.C. §227(c)(1) and (c)(3).

15. In 1992, the Federal Communications Commission promulgated rules pursuant to the TCPA.

16. On June 26, 2003, the Federal Communications Commission revised its rules and promulgated new rules pursuant to the TCPA. These new rules provide for a national do not call registry.

17. 47 C.F.R. §64.1200(c) provides in part: "(c) No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(9) of this section, to: ... (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

18. 47 U.S.C. §227(a)(3) and 47 C.F.R. §64.1200(f)(9) provide in part: "The term <u>telephone solicitation</u> means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person ..."

19. At all times relevant to this complaint, KENSINGTON was engaged in the practice of conducting telephone solicitations as defined in the TCPA and the rules promulgated pursuant to the TCPA.

20. The TCPA provides in part:

> Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents to enjoin such calls, an action to recover for actual monetary loss or receive $500 in damages for each violation, or both such actions. If the court finds the defendant willfully or knowingly violated such regulations, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the preceding sentence

47 U.S.C. § 227.

**TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT AND TELEMARKETING SALES RULE PROMULGATED PURSUANT TO SAME**

21. In 1994, Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108. On August 16, 1995, the FTC adopted the TSR (the "Original TSR"), 16 C.F.R. Part 310, which became effective on December 31, 1995. On January 29, 2003, the FTC amended the TSR by issuing a Statement of Basis and Purpose and the amended TSR (the "Amended TSR"). 68 Fed. Reg. 4580, 4669.

22. Among other things, the Amended TSR established a "do-not-call" registry, maintained by the Commission (the "National Do Not Call Registry" or "Registry"), of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at donotcall.gov.

23. Sellers, telemarketers, and other permitted organizations can access the Registry over the Internet at telemarketing.donotcall.gov to download the registered numbers. Sellers and telemarketers are prohibited from calling registered numbers in violation of the TSR. 16 C.F.R. § 310.4(b)(1)(iii)(B).

24. Consumers who receive telemarketing calls to their registered numbers can complain of Registry violations the same way they registered, through a toll-free telephone call to 1-888-382-1222 or over the Internet at donotcall.gov, or by contacting law enforcement.

25. The Amended TSR also requires a telemarketer to honor a person's request to no longer receive telemarketing calls made by or on behalf of the telemarketer. 16 C.F.R. §

310.4(b)(1)(iii)(A).

26. The defendant is a "seller" or "telemarketer" engaged in "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2.

27. The defendant, without authorization or other defense, has called consumers' telephone numbers that are on the National Do Not Call Registry in violation of the TSR, and has failed to stop calling consumers' telephone numbers after they requested to no longer be called in violation of the TSR.

28. Section 6103(e) of the Telemarketing Act authorizes the Attorney General of a state to enforce the Telemarketing Act and the TSR.

## VIOLATIONS

### COUNT I- TCPA AND RULES

29. KENSINGTON has violated 47 C.F.R. §64.1200(c)(2) and 47 U.S.C. §227(c), by engaging in a pattern or practice of initiating telephone solicitations to residential telephone subscribers, including subscribers in Illinois, whose telephone numbers were listed on the National Do Not Call Registry.

### PRAYER FOR RELIEF- COUNT I

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

A. Finding that KENSINGTON has violated the TCPA;

B. Permanently enjoining KENSINGTON from violating the TCPA, both generally, and specifically, by enumerating the acts in which KENSINGTON is permanently enjoined from engaging;

C. Assessing against KENSINGTON damages of $1,500 for each violation of the TCPA found by the Court to have been committed by KENSINGTON willfully and knowingly; if the

Court finds KENSINGTON has engaged in violations of the TCPA which are not willful and knowing, then assessing against KENSINGTON damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

D. Assessing against KENSINGTON all costs incurred by the plaintiff; and

E. Awarding such other relief as justice and equity may require.

### COUNT II- TSR

30. Paragraphs 1 through 28 are incorporated herein by reference.

31. In numerous instances, in connection with telemarketing, KENSINGTON has initiated or caused a telemarketer to initiate an outbound telephone call to a person's telephone number on the National Do Not Call Registry in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

32. In numerous instances, in connection with telemarketing, KENSINGTON has initiated or caused a telemarketer to initiate an outbound telephone call to a person who previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of Defendants, in violation of the TSR, 16 C.F.R. §310.4(b)(1)(iii)(A).

### PRAYER FOR RELIEF- COUNT II

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

A. Awarding the plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief;

B. Permanently enjoining KENSINGTON from violating the TSR;

C. Awarding such relief as the Court finds necessary to redress injury to consumers resulting from KENSINGTON's violations of the TSR; and

D. Awarding the plaintiff the costs of bringing this action, including reasonable attorney's fees, as well as such other and additional relief as the Court may determine to be just and proper.

    Respectfully submitted,
    THE PEOPLE OF THE STATE OF
    ILLINOIS, by LISA MADIGAN,
    ATTORNEY GENERAL OF ILLINOIS


    /s/Thomas P. James
    Thomas P. James
    Attorney Number # 6182020
    Counsel Counsel Assistant Attorney General
    Consumer Fraud Bureau
    Illinois Attorney General's Office
    100 W. Randolph, 12th Floor,
    Chicago, IL 60601
    (312)814-3778

    Philip Heimlich
    pheimlich@atg.state.il.us
    Attorney Number # 6286375
    Illinois Attorney General's Office
    500 S. Second St.
    Springfield, IL 62706
    (217)557-6872