UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | 1:15-cv-01108 |
| | ) | |
| KENSINGTON SERVICE GROUP, INC., an Illinois corporation. | ) ) ) | **AGREED FINAL JUDGMENT AND CONSENT DECREE** |
| Defendant. | ) ) | |

**AGREED FINAL JUDGMENT AND CONSENT DECREE**

The plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by LISA MADIGAN, Attorney General of the State of Illinois, has filed a complaint for a permanent injunction and other equitable relief in this matter pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*., ("TCPA"), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §6101, *et seq*., ("Telemarketing Act"), complaining of Defendant Kensington Service Group, Inc., an Illinois corporation ("KENSINGTON").

The plaintiff, by its counsel, and KENSINGTON, by its counsel, have agreed to the entry of this Final Judgment and Consent Decree by the Court without trial or adjudication of any issue of fact or law, and without admission of any of the violations of the TCPA or any regulations promulgated pursuant to the TCPA, the Telemarketing Act or any regulations promulgated pursuant to the Telemarketing Act.

1

Defendant denies liability for any of the actions alleged in the Complaint, and this Final Judgment and Consent Decree does not constitute, and shall not be interpreted to constitute, either an admission by the Defendant of any wrongdoing or a finding by the Court that the Defendant has engaged in any violation of law. The parties expressly understand that Defendant has entered into this Final Judgment and Consent Judgment Decree voluntarily, for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

## **FINDINGS**

1. The plaintiff filed its Complaint for Injunctive and Other Relief in this matter on February 4, 2015.

2. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 47 U.S.C. §227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.

3. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 15 U.S.C. §6103 to file actions in federal district court to enjoin violations of and enforce compliance with the Telemarketing Act on behalf of residents of the State of Illinois, and to obtain damages, restitution, or other compensation on behalf of residents of Illinois, or to obtain such further and other relief as the court may deem appropriate.

4. The terms of this Final Judgment and Consent Decree apply to KENSINGTON, whether acting through a director, officer, agent, servant, employee, or any other representative.

5. KENSINGTON is a corporation organized under the laws of the State of Illinois.

6. KENSINGTON's principal place of business is at 913 West Belden, Chicago, IL 60614.

7. KENSINGTON was served properly with Summons and a copy of the Complaint for Injunctive and Other Relief on February 5, 2015.

8. KENSINGTON is, and, at all times relevant to the Complaint for Injictive and Other Relief, has been doing business and transacting business as a telemarketer as defined in the TCPA and the Telemarketing Act.

9. This court has jurisdiction over the subject matter of the Complaint for Injunctive and Other Relief and over KENSINGTON.

10. Venue is proper in this District.

11. The Complaint for Injunctive and Other Relief states a claim upon which relief may be granted against KENSINGTON.

## **ORDER**

NOW THEREFORE, on the basis of these findings, and for the purpose of effecting this Final Judgment and Consent Decree,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

### Injunction

12. In connection with telemarketing, the defendant hereby permanently is restrained and enjoined from engaging in, or causing other persons to engage in:

A. Initiating any outbound telephone call to a person's telephone number on the National Do Not Call Registry unless:

i. the defendant has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such consumer's authorization that calls made by or on behalf of the defendant may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

ii. the defendant has an established business relationship with such person and that person has not stated that he or she does not wish to receive outbound telephone calls from the defendant. An established business relationship means a relationship between the defendant and a person based on: (a) the person's purchase, rental, or lease of the defendant's goods or services or a financial transaction between the person and the defendant, within the eighteen months immediately preceding the date of the telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the defendant, within the thirty business days immediately preceding the date of a telemarketing call when such telemarketing call is an intrastate call within Illinois, or for all other telemarketing calls, within the three months immediately preceding the date of a telemarketing call; or

B. Initiating any outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the defendant;

C. Any other act or practice that, notwithstanding the foregoing, is a violation of the Telemarketing Sales Rule, 16 C.F.R. Part 310, of the Telephone Consumer Protection Act, 47 U.S.C. §227 or the rules promulgated pursuant to the TCPA by the Federal Communications Commission.

**Training Policies And Procedures**

Within sixty (60) days of the execution of this document, KENSINGTON shall develop and implement a policy and training procedure designed to ensure that its sales personnel comply with this Final Judgment and Consent Decree.

This policy and training procedure shall include, but not be limited to, regular training of sales personnel, periodic monitoring of sales personnel to ensure compliance with this Final Judgment and Consent Decree, and appropriate disciplinary actions for sales personnel who do not comply.

KENSINGTON shall review and update the policy and training procedure as necessary, or whenever there is a change in applicable law that affects the terms of this Final Judgment and Consent Decree, but at least annually.

**Payment to State**

The Court enters a judgment in favor of plaintiff and against the defendant in the amount of $3,460, payable to the Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund and may be used by the Illinois Attorney General for any purpose authorized by section 7(e) of the Consumer Fraud Act. Defendant shall mail or hand-deliver said sum of $3,460 to the Office of the Illinois Attorney General, 500 South

Second Street, Springfield, Illinois 62706, in the form of a cashier's or certified check made payable to the "Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund" to be received before the entering of this Final Judgment and Consent Decree.

**Distribution of Order**

KENSINGTON shall provide a copy of this Final Judgment and Consent Decree and an accurate summary of the material terms of this Final Judgment and Consent Decree to all of those partners, officers, and senior managers who have managerial responsibility for the matters subject to the provisions of this Final Judgment and Consent Decree, or other persons, including without limitation, outside consultants, through whom KENSINGTON may act who have responsibility for the matters subject to this Final Judgment and Consent Decree.

**Compliance**

For a period of five (5) years from the date of entry of this Final Judgment and Consent Decree, KENSINGTON shall maintain the following records and shall provide the same to the plaintiff within 10 days of the plaintiff's request for the same:

    A.    A list of the telephone numbers that KENSINGTON used or uses in telemarketing since entry of this Final Judgment and Consent Decree, including any telephone number programmed to transmit for caller-identification purposes, any telephone number provided to consumers receiving telephone calls, and any telephone number listed in any promotional materials or advertisements to generate calls from consumers;

B. A list of all Subscription Account Numbers KENSINGTON has used, uses, or has obtained in connection with the Do Not Call Registry since entry of this Final Judgment and Consent Decree; and

C. A list of all names under which KENSINGTON did or currently does business since entry of this Final Judgment and Consent Decree.

**Continuing Jurisdiction**

Jurisdiction is retained by this court for the purpose of enforcing this Final Judgment and Consent Decree.

APPROVED:

| | |
|---|---|
| PLAINTIFF, THE PEOPLE<br>OF THE STATE OF ILLINOIS, by<br>Lisa Madigan, Attorney General of Illinois | DEFENDANT, Kensington Service Group,<br>Inc. |
| By: /s/ Thomas P. James | By: /s/ Frank Dal Bello<br>Frank Dal Bello, Owner and Officer of |
| Thomas P. James<br>Assistant Attorney General<br>Consumer Fraud Bureau<br>(312)814-3778 | Kensington Service Group, Inc. |

Date Entered: 2/27/2015   _____
                                                J U D G E